Thomas Zeilman, WSBA #28470
LAW OFFICES OF THOMAS ZEILMAN
32 N. 3rd Street, Suite 310
P.O. Box 34
Yakima, WA  98901
Telephone:  (509) 575-1500
Email: tzeilman@qwestoffice.net

David F. Askman, CO Bar #44423
THE ASKMAN LAW FIRM LLC
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: (720) 407-4331
Email: dave@askmanlaw.com

Shona Voelckers, WSBA #50068
Anthony Aronica, WSBA #54725
YAKAMA NATION OFFICE OF LEGAL COUNSEL
P.O. Box 151 / 401 Fort Road
Toppenish, WA  98948
Telephone: (509) 865-7268
Emails: shona@yakamanation-olc.org,
anthony@yakamanation-olc.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA, a municipal corporation,<br><br>Defendant. | Case No.: _____<br><br>COMPLAINT FOR CERCLA COST RECOVERY AND DECLARATORY JUDGMENT |

Plaintiff Confederated Tribes and Bands of the Yakama Nation alleges:

## NATURE OF THE ACTION

1. This is a civil action for recovery of costs under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). The Plaintiff seeks to recover the un-reimbursed response costs it has incurred, as well as a declaratory judgment of liability for future response costs, in connection with the historic, ongoing, and threatened release of hazardous substances into the environment at, on, and from the I-82 Exit 33A Landfill facility, which is located within the City of Yakima, Washington (the "Site").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the Defendant, pursuant to 28 U.S.C. § 1331, and Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

3. Venue is proper in this District under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and actual release of hazardous substances occurred and is occurring, within the Eastern District of Washington.

## PARTIES

4. Plaintiff Confederated Tribes and Bands of the Yakama Nation ("Yakama Nation") is a federally-recognized Indian tribe and the legal successor

COMPLAINT FOR CERCLA COST RECOVERY
AND DECLARATORY JUDGMENT — 2

**LAW OFFICES OF TOM ZEILMAN**
32 N. Third Street, Suite 310 / P.O. Box 34
Yakima, WA 98907
Phone (509) 575-1500

in interest to the Indian signatories to the Treaty with the Yakamas of June 9, 1855 (12 Stat. 951) ("Treaty"). Under Article III of the Treaty, the Yakama Nation reserved for itself and its members the right to take fish at all "usual and accustomed places," including within the Yakima River Basin and the larger Columbia River Basin.

5. Yakama Nation's Treaty-reserved fishing rights in the Yakima Basin have been recognized by courts of the State of Washington through proceedings in the Yakima River Basin water rights adjudication. See, e.g., *Washington Dept. of Ecology v. Yakima Reservation Irrig. Dist., et. al.,* 121 Wn.2d 257, 850 P.2d 1306 (1993). Such rights have also been recognized by this Court and on appeal. See *Kittitas Reclamation Dist. v. Sunnyside Valley Irrig. Dist.,* 763 F.2d 1032 (9th Cir. 1985).

6. Defendant is a municipal corporation organized under the laws of the State of Washington.

## STATUTORY FRAMEWORK

7. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in part:
   (1)  the owner and operator of a vessel or a facility,

   (2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .

   (4)  . . . shall be liable for –

   (A) all costs of removal or remedial action incurred by. . .an Indian tribe not inconsistent with the national contingency plan…

COMPLAINT FOR CERCLA COST RECOVERY
AND DECLARATORY JUDGMENT — 3

LAW OFFICES OF TOM ZEILMAN
32 N. Third Street, Suite 310 / P.O. Box 34
Yakima, WA 98907
Phone (509) 575-1500

8. CERCLA Section 101(20)(A) defines "owner or operator" to include "any person owning or operating such facility." 42 U.S.C. § 9601(20)(A).

9. CERCLA Section 101(21) defines "person" to include a "municipality." 42 U.S.C. § 9601(21).

10. CERCLA Section 101(22) defines "release" to include "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)." 42 U.S.C. § 9601(22).

11. CERCLA Section 101(9) defines "facility" to include any "pit, pond, lagoon, impoundment, ditch, landfill, [or] storage container," or any "site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ." 42 U.S.C. § 9601(9).

12. CERCLA Section 101(25) defines "respond" or "response" as "remove, removal, remedy, and remedial action." 42 U.S.C. § 9601(25).

13. CERCLA Section 101(23) defines "remove" or "removal" as "the cleanup or removal of released hazardous substances from the environment, such actions as may be necessary taken in the event of the threat of release of hazardous substances into the environment, such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances, the disposal of removed material, or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment, which may otherwise result from a release or threat of release." 42 U.S.C. § 9601(23).

COMPLAINT FOR CERCLA COST RECOVERY
AND DECLARATORY JUDGMENT — 4

LAW OFFICES OF TOM ZEILMAN
32 N. Third Street, Suite 310 / P.O. Box 34
Yakima, WA 98907
Phone (509) 575-1500

14. CERCLA Section 101(24) defines "remedy" or "remedial action" to include "those actions consistent with permanent remedy taken instead of or in addition to removal actions in the event of a release or threatened release of a hazardous substance into the environment, to prevent or minimize the release of hazardous substances so that they do not migrate to cause substantial danger to present or future public health or welfare or the environment. . . ." 42 U.S.C. § 9601(24).

15. CERCLA Section 101(36) defines "Indian tribe" to mean "any Indian tribe, band, nation, or other organized group or community . . . which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 42 U.S.C. § 9601(36).

16. CERCLA Section 114(a) provides that "Nothing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State."

## FACTUAL ALLEGATIONS

17. The Site is located on two parcels adjacent to the Yakima River east of North 8th Street and north of East E Street within the limits of the City of Yakima.

18. The Yakima River is a "usual and accustomed fishing place" of the Yakama Nation under Article III of the Treaty.

19. Since time immemorial a constituent band of the Yakama Nation occupied a village at or near the Site. This tribal group was relocated to another area when the Northern Pacific Railroad was constructed through the City of Yakima.

20. After the railroad was built, the properties comprising the Site were part of a non-Indian ranch.

21. In 1903 the Cascade Lumber Company purchased and developed the Site properties for use as a lumber mill. Cascade Lumber merged with Boise Payette Lumber Company in the late 1950s to form Boise Cascade. Approximately 60 percent of the area of the lumber mill was occupied by large log ponds.

22. The lumber mill gradually transitioned from using ponds for wood storage to using log decks with sprinklers. The southernmost log pond was drained, and a portion of this pond was used by the Defendant as a municipal solid waste landfill ("landfill") within what is now the Site.

23. Between 1963 and 1972 the landfill was used by the Defendant to dispose of solid waste. The Yakima County Health Department closed down the landfill in 1972.

24. The landfill was never lined, and covered approximately twenty-eight acres in area. Average depth of the landfill has been estimated at about twelve feet, with the deepest portion located in the southeast corner measuring as much as thirty feet below the surface.

25. Estimates of volumes of municipal solid waste disposed in the landfill range from 388,000 cubic yards to 452,000 cubic yards.

26. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

27. The Defendant was an "operator" of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

28. Past solid waste disposal practices by the Defendant have resulted in leaking and leaching of hazardous chemicals and metals from the landfill into soils and groundwater at the Site. These contaminants include, but may not be limited to, diesel range organics; heavy oils; vinyl chloride; n-nitrosodiphenylamine; 4,4'-DDT; 4,4'-DDD; endosulfan II; bis(2-ethylhexyl)phthalate; 3,3'-dichlorobenzidine; lead; chromium; arsenic; iron; manganese; nitrate; and PCB aroclors.

29. On or about January 11, 1996, Defendant first notified the Washington Department of Ecology ("Ecology") of the inadvertent discovery of hazardous contaminants at the Site during the construction of the I-82 Exit 33A off-ramp.

30. From 1997 to 2015, the Defendant, in coordination with Ecology, conducted soil and groundwater investigations to identify releases or potential releases at and from the Site. Pursuant to the Washington Model Toxics Control Act ("MTCA"), an Environmental Site Assessment was completed in 2008. A MTCA Remedial Investigation ("RI") report was issued in 2009 and a supplemental RI issued in 2015.

31. Site investigations conducted by the Defendant and Ecology have shown that as a result of the Defendant's waste disposal practices at the landfill, soil and groundwater at and from the Site are contaminated with "hazardous substances" as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

32. There were and are "releases" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), as well as the threat of continuing releases, of hazardous substances into the environment at and from the Site.

33. Ecology transmitted a letter to the Defendant dated March 30, 2017, identifying the Defendant as a potentially liable person ("PLP") for hazardous substance releases at the Site pursuant to MTCA. Ecology issued a formal determination that the Defendant is a PLP for the Site in a letter dated May 5, 2017.

34. Pursuant to MTCA, on July 9, 2018, Ecology executed Agreed Order ("AO") No. 15861 with the Defendant. The AO requires the Defendant to produce an updated conceptual site model, a draft feasibility study, and an interim action report (together "Interim Action Plan") to conduct a removal and/or remedial action for a portion of hazardous releases at the Site related to road construction.

35. The Defendant's and Ecology's activities in connection with the contamination at the Site constitute a "response" within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

36. The Defendant's and Ecology's activities in connection with the contamination at the Site constitute "removal" and/or "remedial action" within the meanings of Sections 101(23)-(24) of CERCLA, 42 U.S.C. §§ 9601(23)-(24).

37. Beginning in 2018, Yakama Nation participated in response actions at the Site and has incurred costs thereby. Response actions include meetings, telephone calls, and electronic mail among representatives of Ecology, the Defendant, and the Yakama Nation's Fisheries Program, as well as written corre-

spondence and comments by Fisheries staff to Ecology on the AO and Interim Action Plan.

38. The Plaintiff is an "Indian tribe" within the meaning of Section 101(36) of CERCLA, 42 U.S.C. § 9601(36).

39. Plaintiff has repeatedly made written and verbal requests to the Defendant through respective legal counsel to try and reach an agreement to reimburse the Yakama Nation for its past response costs, as well as adequately fund all of its future costs of participation. The Defendant has refused Yakama Nation's requests.

40. Failure by the Defendant to agree to reimburse and adequately fund these costs has already limited, and will severely limit, the Yakama Nation's ability to properly respond to the hazardous releases at the Site. The Defendant's failure to reimburse past response costs has injured the Plaintiff, and the Defendant's failure to pay for future response costs will also injure the Plaintiff by preventing the Yakama Nation from adequately protecting its interest in remediation of the Site.

## FIRST CLAIM FOR RELIEF
### (Recovery of CERCLA Response Costs)

41. The allegations in Paragraphs 1 through 40 are incorporated herein by reference.

42. As a result of the releases or threatened releases of hazardous substances at the Site, the Yakama Nation has incurred response costs as defined by Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a).

43. The costs incurred by the Yakama Nation at the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

44. As of September 28, 2020, the Yakama Nation has incurred at least $15,000.00 in unreimbursed response costs for the I-82 Exit 33A Landfill site.

45. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendant is liable to the Yakama Nation for all costs incurred by the Yakama Nation to date in connection with its response actions for and at the Site.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

46. The allegations in paragraphs 1 through 45 are incorporated herein by reference.

47. A present and justiciable controversy has arisen and exists between the Yakama Nation and the Defendant relating to liability for any past and future costs incurred by the Yakama Nation to respond to releases or threatened releases of hazardous substances at or from the Site.

48. Pursuant to 42 U.S.C. § 9613(g)(2), the Yakama Nation seeks and is entitled to a declaratory judgment that Defendant is a liable party under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future response costs incurred by the Yakama Nation at the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Confederated Tribes and Bands of the Yakama Nation, respectfully requests that the Court:

1. Award the Yakama Nation a judgment against the Defendant, for all unreimbursed response costs incurred by the Yakama Nation in connection with selection of a remedial action for the I-82 Exit 33A Landfill Site in an amount to be determined at trial, including all costs incurred in this action, plus interest;

2. Enter a declaratory judgment on the liability of the Defendant for the Yakama Nation's future response costs in connection with the remedial action at the Site that will be binding on any subsequent action or actions by Yakama Nation to recover further response costs;

3. Grant such other and further relief as this Court deems appropriate.

DATED this 2nd day of October, 2020.

Respectfully submitted,

/s/ Thomas A. Zeilman
Thomas A. Zeilman, WSBA #28470
LAW OFFICES OF THOMAS ZEILMAN
32 N. 3rd Street, Suite 310
P. O. Box 34
Yakima, WA  98907-0487
Telephone:  (509) 575-1500

/s/ David F. Askman
DAVID F. ASKMAN, CO Bar #44423
THE ASKMAN LAW FIRM LLC
1543 Champa Street, Suite 400
Denver, CO  80202
Telephone: (720) 407-4331

/s/ Shona Voelckers
Shona Voelckers, WSBA #50068
Anthony Aronica, WSBA #54725

COMPLAINT FOR CERCLA COST RECOVERY
AND DECLARATORY JUDGMENT — 11

LAW OFFICES OF TOM ZEILMAN
32 N. Third Street, Suite 310 / P.O. Box 34
Yakima, WA 98907
Phone (509) 575-1500

1
2
3
4
5

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Telephone: (509) 865-7268

Attorneys for Plaintiff

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT FOR CERCLA COST RECOVERY
AND DECLARATORY JUDGMENT — 12

**LAW OFFICES OF TOM ZEILMAN**
32 N. Third Street, Suite 310 / P.O. Box 34
Yakima, WA 98907
Phone (509) 575-1500