FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF YAKIMA, a municipal corporation,<br><br>    Defendant. | No. 1:20-CV-03156-SAB<br><br>**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** |

Before the Court is the parties' Joint Motion for "Clawback" Protective Order, ECF No. 21, Joint Motion for Protective Order Regarding Confidentiality Issues, ECF No. 22, and associated Stipulated Motion to Expedite Hearings on Joint Motions for Protective Orders, ECF No. 23. The motions were considered without oral argument and on an expedited basis.

### Joint Motion for "Clawback" Protective Order

The parties request the Court enter a proposed protective order regarding privileged materials. *See* ECF No. 21-1. The parties have conferred and determined that documents covered by the attorney-client and work product privilege will be exchanged through the course of discovery. *See* ECF No. 21 at 2. Due to the large volume of the electronic and hard copy data subject to discovery, the parties seek

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *1

entry of a "clawback" provision to expedite discovery and facilitate production while protecting against inadvertent disclosure of privileged documents. *Id.* at 2–3.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause to grant the "clawback" protective order. Denial of the protective order will impair the parties' ability to undertake or complete discovery tasks and review of materials in a timely manner. Furthermore, the Court finds the protective order in this case will promote judicial efficiency and conservation of the parties' limited resources.

**Joint Motion for Protective Order Regarding Confidentiality Issues**

The parties further request the Court enter a proposed protective order regarding discrete confidentiality issues. *See* ECF No. 22-1. The parties have conferred on this issue and believe that confidential materials may be disclosed through the course of discovery, including: (i) documents that provide login information, including conference call passcodes and/or weblinks; (ii) documents that mention the health status of employees, such as medical and/or maternal leaves of absence; and (iii) documents that disclose financial details not related to this litigation. ECF No. 22 at 2–3. The parties seek confidentiality protection for these three categories of documents. *Id.*

Pursuant to Rule 26(c), the Court holds that good cause exists to grant the protective order regarding confidentiality. Given the voluminous discovery in this case, the Court finds that a protective order regarding confidentiality will promote judicial efficiency and conserve the parties' limited resources. The Court also finds the order will not prejudice the rights and interests of the parties in the case.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion to Expedite Hearings on Joint Motions for Protective Orders, ECF No. 23, is **GRANTED**.

2. The parties' Joint Motion for Protective Order, ECF No. 21, is **GRANTED**.

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *2

3. The parties' Joint Motion for Protective Order, ECF No. 22, is **GRANTED**.

4. The Court imposes the following Protective Orders in the above-captioned case:

### "CLAWBACK" PROTECTIVE ORDER

5. This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) do not apply to the disclosure of communications or information in discovery in this matter.

6. Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in connection with this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege, work product protection, or other privilege that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

7. The Court further orders that because expedited or truncated privilege review is likely necessary in pursuit of the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional and inadvertent. Such disclosure will not constitute a waiver of the disclosing Party's right to claim any privilege or protection that would have applied to the information or documents or their subject matter but for the disclosure.

8. Regardless of whether the procedures to screen out privileged materials were reasonable, the Parties shall not argue, in this forum or any other, that any

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER *3**

privileges were waived as a result of disclosures in this litigation. A Party may challenge the applicability of a claimed privilege on any other ground, as further described in paragraphs 12 and 14, below.

9. If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 21 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any Party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

10. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice within 14 days of receiving notice from the identifying Party.

11. Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information.

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *4

If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

12. A Party that wishes to dispute a claim of privilege asserted under this Order shall do so under the Federal Rules of Civil Procedure and any applicable local rules. The disputing Party shall not assert, as a ground for compelling disclosure, the fact or circumstance of the disclosure, including the degree of care actually exercised in reviewing the material at issue for privilege. Pending resolution of the dispute, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the motion.

13. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

14. The Party wishing to assert a claim of privilege retains the burden of establishing the applicability of the claimed privilege.

15. This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

16. **Definitions**. As used in this Protective Order Regarding Confidentiality:

    A. "attorney" means an attorney who has appeared in this action;

    B. "confidential document" means a document designated as confidential under this Protective Order;

    C. to "destroy" electronically stored information means to delete from

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER *5**

all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

D. "document" means information disclosed or produced in discovery, including at a deposition;

E. "notice" or "notify" means written notice;

F. "party" means a party to this action; and

G. "termination of this action" means the time at which an appeal from the trial court's final judgment has been exhausted or the time to appeal has expired.

17. **Designating a document or deposition as confidential.**

A. The parties shall make best efforts to avoid overly broad confidential designations and shall not make blanket claims of confidentiality. A party disclosing or producing a document may designate it as confidential if the party contends that it contains confidential or proprietary information under the following three categories:

i. Documents that provide login information, including conference call passcodes and/or weblinks.

ii. Documents that mention the health status of employees, such as medical and/or maternity leaves of absence.

iii. Documents that disclose financial details that are not related to this litigation.

B. A party may designate a document as confidential by conspicuously marking each page with the word "confidential."

18. **Who may receive a confidential document.**

A. A confidential document may be used only in this action.

B. No person receiving a confidential document may reveal it, except to:

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *6

        i. the court and its staff;

        ii. an attorney or an attorney's partner, associate, or staff;

        iii. a person shown on the face of the confidential document to have authored or received it;

        iv. a court reporter or videographer retained in connection with this action;

        v. a party; and

        vi. any person who is retained to assist a party or attorney with this action if that person either:

            **(1)** receives only a redacted copy of a confidential document, with all confidential information removed; or

            **(2)** signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

                I have read, and agree to be bound by, the protective order in the case captioned 1:20-CV-03156-SAB. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of this action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

                I declare under penalty of perjury that the foregoing is true and correct.

    C. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *7

19. **Correcting an error in designation.** A party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

20. **Use of a confidential document in proceedings.**

    A. <u>Filing</u>. Any party that wishes to file a confidential document with the Court or present the other party's confidential document at a deposition, hearing, or trial shall first:

        i. Notify the other party of its intended use of the document;

        ii. Confer with the other party to determine what portion of the document contains confidential information;

        iii. Propose a redaction to the document that will remove or conceal all confidential information, thus eliminating the need to designate the document confidential; and

        iv. Cooperate in good faith with the other party to resolve any disputes regarding the scope of the redaction.

    B. <u>Presentation at hearing or trial</u>. Any party receiving notice under subsection (A) of this section shall:

        i. Promptly confer in good faith with the other party to determine what portion of the document contains confidential information;

        ii. Promptly respond to the other party's proposed redaction by either agreeing to the redaction or specifying that portion of the document which requires further redaction; and

        iii. Cooperate in good faith with the other party to resolve any disputes regarding the scope of the redaction.

    C. Any document redacted by agreement of the parties using the procedures specified in this section shall not be designated confidential, and a party's use of the redacted document shall not be restricted.

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER *8**

D. If the parties cannot reach agreement on the redaction of a confidential document after following the procedures specified in this section, any party may seek relief from the Court. If any party needs to file a confidential document for which the parties have not reached agreement on redactions, the party filing the confidential documents with the Court shall do so only under seal in accordance with all applicable court rules, policies, procedures, and orders. **If a party seeks to file a confidential document under seal, the party must first request permission from the Court prior to doing so.** If a party intends to present another party's confidential document for which the parties have not reached agreement on redactions at a deposition, hearing, or trial, that party must promptly notify the other party so that the other party may seek relief from the Court.

21. **Changing a confidential document's designation.**

    A. <u>Document disclosed or produced by a party</u>. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation, the document is redacted under paragraph 20 of this Order, or the court orders otherwise.

    B. <u>Changing a designation by court order</u>. A party may object to a particular designation by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be protected by the terms of this Protective Order. If such a motion is timely filed, the disputed information shall remain protected under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not thereafter be protected by the terms of this Protective Order. In connection with a motion filed under this

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER \*9**

provision, the party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

22. **Handling a confidential document after termination of litigation.**

A. Within 60 days after the termination of this action (including any appeals), each party must:

    i. return or destroy all confidential documents; and

    ii. notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60 day period.

B. Notwithstanding paragraph 22(A), each attorney may retain a copy of any confidential document submitted to the court.

23. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 23rd day of June 2021.

*Stanley A. Bastian*
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER** *10